UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER BUCKENBERGER

CIVIL ACTION

v.

NO.   15-732-JWD-EWD

LOUISIANA DPS&C, ET AL.

## RULING AND ORDER

This matter comes before the Court on the motion filed by pro se plaintiff Christopher Buckenberger. (Doc. 24.)  The motion is not opposed. No oral argument is necessary.  Having carefully considered the law, facts in the record, and the arguments of the Plaintiff, Plaintiff's motion is denied.

### I. Factual and Procedural Background

#### A. The Complaint

Plaintiff is an inmate at Louisiana State Penitentiary at Angola. (Doc. 1 at 4.)  Plaintiff brings this suit alleging that the Defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. (*See* Doc. 1-1.)  In short, since 2013, Plaintiff has had a leaking aortic heart valve, and he claims he is being denied medical surgery in violation of his rights. (*See id.*)

#### B. The Instant Motion

The motion clearly appears to be a motion to recuse under 28 U.S.C. § 455, but the basis for the motion is difficult to discern.  The entire motion reads as follows (*sic* throughout):

> RE:  PLAINTIFF (MOTION) TO REALLOT: (REMOVE) <u>JUDGE JWD</u>, … <u>EWD MAGISTRATE</u> REASONS CITED IN RELATED MOTION.  ANNEXED HERE. APPOINT COUNSEL (REQUEST) MANDAMUS PURPOSES

> THE ABOVE styled '455' motion has prima facia (proof) documented in the Request for counsel motion annexed herewith. id pgs 5 and 6 there. withstanding pgs 1 to 4 preceding therein.
> MOREOVER, the above captioned bench members are participants in a defective (cannon violations) process <u>ie delaying review/findings on merits</u> in (plaintiff's ) exception imminent danger (claims). AS DELAY:
>
> committed by (bench) members that tacitly gratuitously <u>in this (particular) case the said forbid-delay (w)ill</u>:
>
> (a) provide (cause) for plaintiff-extended-likelihood plaintiff <u>will (suffer)</u> "<u>EARLY/SUDDEN DEATH with NO SYMPTOMS</u>;
>
> (b) because said bench delay is <u>concerned</u> vel non with the defendants . . . vain efforts (deliberate indifference) that <u>absent 'timely' bench performance (delay here)</u>, defendants cause: plaintiff "early death" and (avoid) 1983 Sanctions

(Doc. 24).[1]

The first paragraph appears to refer to a recently filed Motion to Appoint Counsel (Doc. 23.)  In that motion (written in the same difficult style as the instant motion), Plaintiff again asks for the appointment of an attorney to assist in his case.  Moreover, he complains about Magistrate Judge Stephen C. Riedlinger's ruling (Doc. 5) denying Plaintiffs motion to proceed in forma pauperis.[2]  Additionally, on page 5 and 6 of that motion, Plaintiff complains about a ruling of the newly assigned Magistrate Judge Erin Wilder-Doomes in which she stated that two of the

---

[1] Plaintiff attaches to his motion the second-step Request for Administrative Remedy ("ARP") that detail his medical and legal complaints against the Defendants.  Plaintiff adds to his claims here complaints under the ADA.
[2] This ruling was affirmed by this Court on December 18, 2015. (Doc. 12.)

Plaintiff's Motions (Docs. 7 and 9) "are currently pending before the United States District Judge and will be resolved in due course." (Doc. 20).  Plaintiff complained that he faced a risk of "sudden-early death" (Doc. 23), that Magistrate Judge Erin Wilder-Doomes erred in saying the rulings would be issued in due course, and that, due to the delay, this Judge and Magistrate Judge Erin-Wilder Doomes are in violation of Chief Judge Jackson's January 4, 2016, order (Doc. 14), which provided, "Pursuant to General Order 2016-02, this case is reassigned from Magistrate Judge Stephen C. Riedlinger to Magistrate Judge Erin Wilder-Doomes."

The second paragraph of the instant motion appears to repeat the complaint from Plaintiffs other motion – namely that this Judge and the Magistrate Judge are improperly delaying a ruling on the Plaintiff's motion.  He refers to "cannon violations" (presumably, ethical violations), but he does not specify which rules were broken.  He repeats that he may suffer early/sudden death and appears to assert (1) that the delay is "concerted" with the defendants and (2) that, "absent 'timely' bench performance (delay here)," defendants can cause the plaintiff's early death and avoid Section 1983 liability.

## II.   Discussion

### A.  Law on Section 455 Recusal

Interpreting Section 455, the Fifth Circuit has explained:

> Under 28 U.S.C. § 455 (2000), a party may request the recusal of a judge not only if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1), but also when "his impartiality might reasonably be questioned," *id.* § 455(a). These provisions afford separate, though overlapping, grounds for recusal. Subsection (b)(1) pertains to specific instances of conflicts of interest, while subsection (a) deals with the appearance of partiality generally. Further, whenever a judge's partiality might reasonably be questioned, recusal is required under § 455(a), irrespective whether the circumstance is covered by § 455(b). *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 860 n. 8, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

3

*Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).  Further, "Section 455(a) is a general safeguard of the appearance of impartiality and establishes a 'reasonable factual basis-reasonable man' standard." *United States v. Miranne*, 688 F.2d 980, 985 (5th Cir. 1982) (holding that "a reasonable man, viewing the facts as they stood at the time of the motion, would not reasonably question [the judge's] impartiality" and finding no abuse in discretion in denying the motion).

There are three relevant elements to a Section 455 analysis; to warrant recusal, the Plaintiff "must (1) demonstrate that the alleged comment, action, or circumstance was of 'extrajudicial' origin,' [that is, involve events taking place "outside of the litigation context" as opposed to "events occurring or opinions expressed in the course of judicial proceedings], (2) place the offending event into the context of the entire [proceeding], and (3) do so by an "objective" observer's standard." *Andrade,* 338 F.3d at 455.

### B.  Analysis

Plaintiff's motion fails to satisfy the *Andrade* framework.  Plaintiff completely fails to articulate any source of the Court's bias, much less the extra-judicial source usually required for recusal motions.

More importantly, even assuming that Plaintiff had met this requirement, Plaintiff's motion fails the objective-observer standard.  Viewing Plaintiff's complaint in the context of the litigation as a whole, no reasonable person would conclude that a judge's delay of roughly three months in responding to a motion means that said judge is conspiring with the Defendants to cause the Plaintiff's death.  Plaintiff has not produced one iota of evidence to support this theory.

In sum, there is simply nothing in the record to prove that the judge's "impartiality might reasonably be questioned."  The Plaintiff's argument is, at best, conclusory, and, more accurately, frivolous.  The motion is denied.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the motion to recuse filed by pro se plaintiff Christopher Buckenberger (Doc. 24) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 22, 2016.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**