## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER BUCKENBERGER** | **CIVIL ACTION** |
| v. | |
| | **NO. 15-732-JWD-EWD** |
| **LOUISIANA DPS&C, ET AL.** | |

## RULING AND ORDER

This matter comes before the Court are three "motions" filed by *pro se* Plaintiff Christopher Buckenberger (*sic* throughout):

1) "UNDER RULE 60(B)(6) IFP PLAINTIFF (SHOWS) USDC APPLICATION (3RD STRIKE) STRAIN 10-858 … APPLIED 11/12/15 IS (CLASSIFICATION) HITHER INVALID – CLEARLY EVIDENCED AS – ERROR PATENT – WHICH USDC/SCR 'PROPERLY' SHOULD FIND AS:      "ANY OTHER REASON THAT JUSTIFIES RELIEF      :" (Doc. 7) (the "Second Objection");

2) "PLAINTIFF'S (MOTION) TO ALTER, SET ASIDE, VACATE ORDER 11/12/15. FRCP.: RULES 60(b)(4)(6), USDC – CONDUCT PLENARY REVIEW OF COMPLAINT (T)HAT STATES A CLAIM      BUT FOR      11/12/15" (Doc. 9) (the "Third Objection"); and

3) "PLAINTIFF (HEREBY) DUE & TIMELY (REQUEST) MOTIONS SEEKS: .. TEMPORARY STAY, AFFORDING HON. (EWD) REQUISTIE REVIEW (ANEW) OF NEW EVIDENCE 1-20-16 MEDICAL EXPERT DIAGNOSIS – PRE/POST DATE OF (EWD) ORDER 1-29-16" (Doc. 22) ("Motion for Stay").

These motions are not opposed yet. No oral argument is necessary. Having carefully considered the law, facts in the record, and arguments of the parties, the Court overrules Plaintiff's objections, again affirms the Magistrate Judge's November 12, 2015, ruling (Doc. 5), and denies Plaintiff's motion for stay with prejudice, except that the Plaintiff's motion for appointment of counsel is referred to the Magistrate Judge to be ruled on with the two currently pending, substantially identical motions (Docs. 18 and 23).

I.      **Relevant Factual and Procedural Background**

Plaintiff is an inmate at Louisiana State Penitentiary at Angola. (Doc. 1 at 4.) Plaintiff brings this suit alleging that the Defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. (See Doc. 1-1.) In short, since 2013, Plaintiff has had a leaking aortic heart valve, and he claims he is being denied medical surgery in violation of his rights. (*See id.*)

On November 12, 2015, Magistrate Judge Steven Riedlinger issued an order denying Plaintiff's motion to proceed *in forma pauperis*. (Doc. 5.) In short, the Magistrate Judge found that the Plaintiff violated the "three strikes" rule of 28 U.S.C. § 1915 – that is, that Plaintiff had, on three or more prior occasions while incarcerated, brought actions in federal court that had been dismissed as frivolous, malicious, or for failure to state a claim.  (*Id.* at 2.)  Further, after thoroughly reviewing the record and the Plaintiff's allegations, the Magistrate Judge found that the Plaintiff failed to satisfy the exception for "imminent danger of serious physical injury." (*Id.* at 3-5.)

On November 12, 2015, the Plaintiff filed an objection to the Magistrate Judge's order Doc. 6) (the "First Objection"), which was later ruled on by this Court. (*See* Doc. 12, *infra*.)

On November 23, 2015, the Plaintiff filed one of the instant motions (Doc. 7) (the "Second Objection").  The Plaintiff styled the pleading as a Rule 60 motion. (*Id.*)  However, because no ruling had yet issued on the initial appeal of the Magistrate Judge's order, Plaintiff's motion is more properly considered a second or supplemental objection to the Magistrate Judge's report.

On November 30, 2015, the plaintiff filed another of the instant motions (Doc. 9) (the "Third Objection"). This motion is also styled a Rule 60 motion, and, for the same reason cited above, the Court will consider this yet another objection to the Magistrate Judge's ruling.

On December 18, 2015, this Court overruled Plaintiff's First Objection. (Doc. 12). This Court noted that it reviewed the Plaintiff's Objection and the order of the Magistrate Judge. (*Id.*) The Court found "no error of fact or law" and stated "Indeed, the Court agrees with the Magistrate Judge's assessment." (*Id.*) Accordingly, the Magistrate Judge's Order was affirmed. (*Id.*)

On January 15, 2016, Plaintiff filed a "Due Follow-Up Action (Resubmission) of – New (Medical) Evidence And Other that … Justifies – Relief from Operation 12-18-15 Judgment-Order, Rules: 59(e) 60(b) FRCP." (Doc. 15.) Plaintiff re-urged the arguments made in his November 12, 2015, objection and submitted additional evidence purporting to show why the Court erred in affirming the Magistrate Judge's ruling.

On January 19, 2016, this Court issued a "Ruling on Plaintiff's Motion for Relief under FRCP 59 and 60." (Doc. 16) denying the January 15, 2015, motion. The Court explained:

> The Court has carefully reviewed Plaintiff's submission, his previous filing, the previous order of the United States Magistrate Judge denying Plaintiff's Motion to Proceed in Forma Pauperis and ordering Plaintiff to pay the full filing fee within 21 days (Doc. 5) and this Court's affirmation of that ruling. (Doc. 12.) In the present motion [(Doc. 15)], Plaintiff presents no new evidence or other grounds that would entitle him to the relief sought. Therefore, Plaintiff's motion is DENIED.

(*Id.*).

On January 19, 2016, Plaintiff filed a Motion for the Appointment of Counsel. (Doc. 18). This motion is currently pending before Magistrate Judge Erin Wilder-Doomes.

On February 22, 2016, Plaintiff filed one of the instant motions (Doc. 23) (the "Motion for Stay). As will be discussed below, it is a request for a temporary restraining order, *Spears* hearing, and another request to appoint counsel. (*Id.*)

On February 23, 2016, Plaintiff filed a second (or perhaps third) Motion for the Appointment of Counsel (Doc. 23). This motion is also pending before the Magistrate Judge.

Thus, this ruling will address the Second and Third Objections (Docs. 7 and 9) and the Motion for Stay (Doc. 23).

## II.     Second Objection

Plaintiff asserts two main arguments. First, Plaintiff states that the Magistrate Judge erred in finding that the "three-strikes" rule applies. Second, Plaintiff argues that, even if there were three strikes, he satisfied the "imminent danger" exception. The Court rejects each of these, overrules the objection, and again affirms the Magistrate Judge's decision.

### A.  Three Strikes

The Prisoner Litigation Reform Act provides in part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is the so-called "three strikes" provision. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 461 (5th Cir. 1998).

Here, Magistrate Judge Riedlinger found that the Plaintiff violated this rule. The Magistrate Judge listed the following four cases as examples of strikes:

1. *Christopher Buckenburger v. Sheriff Jack Strain, et al*., Civil Action No. 06-5670-LMA (E.D. La.),

2. *Christopher Buckenberger v. Rodney Strain, et al.*, Civil Action No. 07-1408-SSV (E.D. La.),

3. *Christopher Buckenberger v. Walter Reed, DA, et al.*, Civil Action No. 10-856-CJB (E.D. La.), and

4. *Christopher Buckenberger v. All Employees (Names Unknown), et al.*, Civil Action No. 10-858-LMA (E.D. La.).

(Doc. 5).

Plaintiff claims that one of these cases – "Strain 10-858" – should not have been considered a strike. In Civil Action No. 10-858, Magistrate Judge Knowles found that the claims Plaintiff made were identical to those asserted by him in another action. (No. 10-858, Doc. 4). Magistrate Judge Knowles issued the following recommendation:

> It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED** as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). It is **FURTHER RECOMMENDED** that the dismissal be without prejudice to plaintiff pursuing, or, if necessary, seeking leave to pursue, his claims in Civil Action No. 06-7393 "F"(3).

(*Id.*) Judge Africk adopted this recommendation." (*Id.*, Doc. 7).[1] The Plaintiff argues that "Strain 10-858" should not count as a strike because it was dismissed in part without prejudice, and partial dismissals do not count as strikes.

The Court rejects this argument. Numerous district courts have found that dismissals without prejudice can still count as strikes. *See Barker v. Oliver*, No. 9:12CV108, 2012 WL 4977777, at *1 (E.D. Tex. Sept. 18, 2012), *report and recommendation adopted,* No. 9:12CV108, 2012 WL 4975617 (E.D. Tex. Oct. 16, 2012) (finding three strikes and counting as a strike a suit that had been "dismissed without prejudice for failure to state a claim"); *see also*

---

[1] The Court notes that, while Plaintiff does not mention this, Magistrate Judge Knowles rendered a virtually identical recommendation in Civil Action No. 10-856 (Doc. 4), which Judge Barbier adopted. (Doc. 8).

*Vargas v. El Paso Cty., Texas*, No. EP-06-CA-402-DB, 2007 WL 1858656, at *1 (W.D. Tex. June 5, 2007) (advising *pro se* litigant that dismissal counted as "strike" pursuant to § 1915 even though one of the claims had been dismissed without prejudice for failure to prosecute).

The Court finds particularly persuasive *Walker v. Jackson*, No. CIV. A. 508-CV-221-D, 2008 WL 2779446 (S.D. Miss. July 14, 2008).  In *Walker*, the plaintiff alleged, among other things, that several conditions of confinement in a jail violated his constitutional rights. *Id.* at *1.  The district court explained:

> If a pauper seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff, then dismissal of the ensuant action is warranted. *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir.1989). The Fifth Circuit further defined these duplicative actions as "malicious," even prior to the disposition of the first suit. *Pittman v. K. Moore,* 980 F.2d 994, 995 (5th Cir.1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). As stated above, the PLRA provides that "the court shall dismiss the case at any time" if the court determines that it is frivolous or malicious. Title 28 U.S.C. § 1915(e)(2)(B)(i).

*Id.* at *1.  The court then explained how the allegations in the Plaintiff's complaint were "substantively identical and clearly a[rose] from the same set of facts" as another pending § 1983 action. *Id.* at *2.  Accordingly, the district court dismissed the second action as malicious and specifically found that "Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a 'Strike.'" *Id.*

The plaintiff filed a motion to reconsider the "strike" portion of the final judgment, but the court specifically rejected the argument. *Walker v. Jackson*, No. CIVA508CV221DCBMTP, 2008 WL 3200682, at *1 (S.D. Miss. Aug. 6, 2008).  The district court rejected the argument, explaining: "this case was dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it counts as a 'strike' under 28 U.S.C. § 1915(g). This Court does not have the authority to alter the 'strike portion' of the dismissal." *Id.*

*Walker* is virtually indistinguishable. As in *Walker*, Civil Actions Nos. 10-856 and 10-858 were dismissed as malicious because the Plaintiff had substantially identical actions pending. As in *Walker*, these suits should count as strikes. Indeed, the Court believes that the Fifth Circuits rule of allowing substantially identical suits to be dismissed as malicious would make little sense if these suits could not be counted as strikes under § 1915.

The Court also finds this conclusion supported by Fifth Circuit precedent. In *Patton*, the prisoner plaintiff had previously brought a § 1983 action. 136 F.3d at 463. The suit was dismissed as frivolous. *Id.* The district court in that case also construed the complaint as seeking habeas relief, and that court had dismissed that claim without prejudice for failure to exhaust state law remedies. *Id.* The Fifth Circuit found that this counted as a strike, explaining:

> The court did not find that the habeas claim was *non*-frivolous. It simply performed the required function of determining whether Patton's [plaintiff's] § 1983 complaint contained both habeas and § 1983 claims, in which case "the district court should separate the claims and decide the § 1983 claims." *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir.1995)(per curiam)(addressing § 1983 action challenging parole review procedures); *see Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994) (noting distinction between claims that must initially be pressed by writ of habeas corpus and those that may be brought pursuant to § 1983); *Serio v. Members of La. St. Bd. of Pardons,* 821 F.2d 1112, 1119 (5th Cir.1987) (holding that "in instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims.") Although the dismissal without prejudice of the habeas claim does not equate to a finding of frivolousness, it more closely parallels such a conclusion than it does a determination of non-frivolousness. It is a considered judgment that Patton asserted in his § 1983 suit a habeas claim that was premature as a matter of law.

*Id.* at 463-64.

*Patton* is strong support for this Court's decision. Though *Patton* involved a habeas claim, it remains a case in which a previously dismissed suit counted as a strike, even though part of the action was dismissed without prejudice. Indeed, *Patton* shows an even stronger reason for counting Plaintiff's previous actions as strikes; in *Patton*, there was no finding that the

habeas claim was malicious; here, the Courts in Civil Actions Nos. 10-856 and 10-858 specifically found that the actions were malicious. Accordingly, *Patton* provides strong authority for this court's conclusion.

In sum, the Plaintiff's first argument is rejected. Civil Action No. 10-858 – as well as Civil Action No. 10-856 – count as "strikes." The Plaintiff thus had "three strikes,' and, consequently, had to satisfy the imminent danger exception.

### B. Imminent Danger

Plaintiff's second argument seems to be that, under a certain Seventh Circuit case, he could still satisfy the imminent danger exception even if he failed to state a claim for the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003).

Putting aside the holding in that case, Magistrate Judge Riedlinger performed a thorough analysis of the facts in the record and allegations of the Plaintiff and concluded that the Plaintiff's claims were vague, unsupported, conclusory, and contradicted by the documents submitted. This Court agreed with that analysis. Plaintiff has done nothing to rebut that finding.

Indeed, *Chirpaglini* itself stated:

> Courts also deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous. *See, e.g., Heimermann v. Litscher,* 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection 2 years previously is not imminent danger); *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir.2003) (working in inclement weather twice is not imminent danger); *White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir.1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger).

*Id.* at 331. Moreover, as the Court in *Barker* - a case from this circuit - explained:

> The courts have held that the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury; general allegations not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Hyder v. Obama,* civil action no. 5:11 cv26, 2011 WL 1113496 (E.D.Tex., March 11, 2011, *Report adopted at*

2011 WL 1100126 (E.D.Tex., March 24, 2011) *Valdez v. Bush,* slip op. no. 3:08cv1481, 2008 WL 4710808 (S.D.Tex., October 24, 2008); *Ruston v. Dallas County,* slip op. no. 3:04cv1691–B, 2004 WL 2512232 (N.D.Tex., Nov.5, 2004).

*Barker v. Oliver*, No. 9:12CV108, 2012 WL 4977777, at *3 (E.D. Tex. Sept. 18, 2012) *report and recommendation adopted,* No. 9:12CV108, 2012 WL 4975617 (E.D. Tex. Oct. 16, 2012) (rejecting "imminent danger" argument because the plaintiff "offer[ed] nothing more than the mere recitation of the phrase 'imminent danger,' entirely lacking in any specific facts to show that he is in imminent danger of serious physical injury as of the time of the filing of the complaint.").

As this Court has said once already, the Court agrees with the Magistrate Judge's assessment (*See* Doc. 12). The Plaintiff has offered no new evidence or allegations to support its claim. Accordingly, the Plaintiff's objection is overruled.

### III.   Third Objection (Doc. 9)

In this objection, Plaintiff largely repeats arguments previously made. He cites to *Jackson v. Jackson*, 335 F. App'x 14, 15 (11th Cir. 2009), where the Eleventh Circuit found the imminent danger exception met,[2] and to Eighth Amendment case law holding that a Plaintiff need not suffer a serious medical problem before bringing an Eighth Amendment deliberate indifference claim. The Plaintiff also again complains that his condition is sufficiently serious to obtain *in forma pauperis* status.

The Court rejects these arguments. Unlike *Jackson*, the Magistrate Judge and this Court thoroughly reviewed the record and concluded that the Plaintiff's allegations were conclusory and insufficient to meet the imminent danger exception. Again, the Plaintiff has still done

---

[2] In *Jackson*, the imminent danger exception was met because, in the complaint, the plaintiff alleged that he had "a hernia that causes him to suffer from severe pain in his testicles and abdomen, blood in his urine, nausea, and weight loss" and that "without surgery, which the defendant prison officials will not approve, [plaintiff] will continue to suffer from those injuries and may even face tissue death, gangrene, and internal bleeding." 335 F. App'x at 15.

nothing to show that this conclusion is wrong. Additionally, the cited Eighth Amendment case is distinguishable because the issue here is not the validity of Plaintiff's claim; the issues are Plaintiff's right to proceed *in forma pauperis* when he has three strikes and whether he satisfied the imminent danger exception. He has not satisfied the exception and thus cannot proceed without paying the filing fee. Plaintiff's objection is overruled.

More importantly, Plaintiff's objection is untimely. Objections must be made within fourteen days. Fed. R. Civ. P. 72. Magistrate Judge Riedlinger's decision was November 12, 2015. The Third Objection was filed on November 30, 2015, eighteen days later. Thus, on this additional ground, Plaintiff's Third Objection is overruled.

### IV.    Motion for Stay (Doc. 22)

In this motion, Plaintiff "requests/preserves (request) for (appointed counsel) and—or immediate GRANT SPEARS hearing in the alternative. and (TRO) relief." He again complains of a deteriorating medical condition, claiming that, on January 20, 2016, a "telemed heart 'specialist'" said his leaking-aortic valve increased to "moderate." He then complains that the specialist is delaying his treatment because he will consult with the Plaintiff in six months. Plaintiff attaches the same article about his condition that he did with his previous motion (*Compare* Doc. 15-1 *with* Doc. 22-1).

A plaintiff must establish four elements to secure a preliminary injunction or temporary restraining order: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Planned Parenthood Gulf Coast, Inc. v. Kliebert*, --- F. Supp. 3d ----, No. 15-565, 2015 WL 6551836, at *21 (M.D. La. Oct. 29, 2015).

Plaintiff fails this test because, among other reasons, he cannot establish the first element – a substantial likelihood of success on the merits. As the Magistrate Judge explained:

> His allegations and argument in the Complaint demonstrate only a disagreement about what medical treatment is appropriate for his condition, a claim that is not sufficient to establish an unconstitutional denial of medical care. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Plaintiff is not entitled to treatment by medical providers of his choice, *see Terrell v. Mertz*, 2015 WL 5475219, *3 (S.D. Miss. Sept. 17, 2015), nor is he entitled to the best possible medical care that may be available, *Mayweather v. Foti*, 958 F.2d 91(5th Cir. 1992); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978).

(Doc. 5).

The same reasoning applies here. At best, Plaintiff has only demonstrated disagreement with his healthcare provider and that he is not receiving the best care available. He has not demonstrated deliberate indifference to a *substantial* risk of *serious* harm. Accordingly, Plaintiff's request for a temporary restraining order is denied.

Concerning the request for a *Spears* hearing, the Fifth Circuit has explained, "A district court is not required to hold a *Spears* hearing prior to dismissing a prisoner's civil rights action; moreover, not 'all or even most prisoner claims require or deserve a *Spears* hearing.' " *Perez v. United States*, 481 F. App'x 203, 206 (5th Cir. 2012) (quoting *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986); *Eason v. Thaler*, 14 F.3d 8, 9 n. 5 (5th Cir.1994)); *see also Burley v. Leal*, No. 2:14-CV-43, 2014 WL 2815271, at *2 (S.D. Tex. June 23, 2014) ("*Spears* hearing is not a legal requirement; it is an evidentiary hearing that a magistrate *may conduct if needed* to flesh out the substance of a prisoner's claims." (citing *Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir.1990) (emphasis added)).

Similar reasoning applies here to Plaintiff's request for a *Spears* hearing on his *in forma pauperis* status. The Court finds that, based on the Plaintiffs many submissions and allegations,

no *Spears* hearing is required in this case, that the Magistrate Judge did not err in not conducting one, and that one is not needed now.

Finally, the Plaintiff has made two other motions to appoint counsel. (Docs. 18 and 23). The Court will refer this part of the instant motion to the Magistrate Judge to be ruled on with the two currently pending, substantially identical motions. (Docs. 18 and 23).

### V.     Warning of Sanctions and Dismissal

In the Magistrate Judge's ruling, the Plaintiff was given 21 days from the date of the order to pay the $400.00 filing fee. (Doc. 5). The Magistrate Judge advised, "Failure to pay the Court's filing fee within 21 days shall result in the dismissal of the plaintiff's action without further notice from the Court." (*Id.*) This Court affirmed that ruling on December 18, 2015 (Doc. 12) and again on January 19, 2015. (Doc. 16). The Court does so again today. Plaintiff's barrage of motions and objections are blatant, frivolous attempts to circumvent this Court's and the Magistrate Judge's ruling.

No further attempts shall be allowed. The Plaintiff is hereby prohibited from filing additional motions, memoranda, or documents into the record without prior authorization from the Court. *See Lewis v. Baton Rouge Police Dep't*, No. 13-744-JJB, slip op. at 1 (M.D. La. Feb. 23, 2015). Plaintiff is cautioned and placed on notice that monetary sanctions will be imposed should Plaintiff continue to file such documents. *Id.*

Additionally, the Plaintiff has 21 days to pay the $400.00 filing fee. Failure to do so will result in dismissal of his action without further notice from the Court. No further motion or submission will prevent the enforcement of this order.

VI.     Conclusion

**IT IS ORDERED** that Plaintiff's objections (Docs. 7 and 9) to the Magistrate Judge's November 12 2015, ruling are again **OVERRULED**, and the Magistrate Judge's ruling (Doc. 5) is, once again, **AFFIRMED**;

**IT IS FURTHER ORDERED** that the Plaintiff's motion for stay (Doc. 22) is **DENIED WITH PREJUDICE,** except that Plaintiff's request for counsel to be appointed is **REFERRED** to the Magistrate Judge to be ruled on with the two currently pending, substantially identical motions (Docs. 18 and 23);

**IT IS FUTHER ORDERED** that the Plaintiff is hereby prohibited from filing additional motions, memoranda, or documents into the record without prior authorization from the Court, and the Clerk's office is instructed not to accept any further pleadings, motions, or other documents from Plaintiff in this lawsuit without prior authorization from undersigned.  Plaintiff is cautioned and placed on notice that monetary sanctions will be imposed should Plaintiff continue to file such documents.

**IT IS FURTHER ORDER** that the Plaintiff will pay the $400.00 filing fee within 21 days of this order, that his failure to do so will result in the dismissal of his suit without further notice to him, and that no further motion or submission will prevent the enforcement of this order.

Signed in Baton Rouge, Louisiana, on February 22, 2016.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**